**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

HAROLD EDMOND STINNETT,

      Defendant-Appellant.

No. 13-1306
(D.C. No. 1:12-CR-00170-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

After Harold Edmond Stinnett admitted to multiple violations of his supervised release, the United States District Court for the District of Colorado revoked his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release and sentenced him to five months' imprisonment to be followed by two years of supervised release. Stinnett timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and we address Stinnett's appeal under the analytical framework established by <u>Anders v. California</u>, 386 U.S. 738 (1967). After independently examining the record, we agree with defense counsel that there are no nonfrivolous grounds for appeal. Accordingly, we grant counsel's motion to withdraw and we dismiss the appeal.

**I**

On November 26, 2012, Stinnett was arrested and charged with five violations of the conditions of his supervised release: (1) driving under the influence, (2) battery and injury to property, (3) failure to report for urine testing, (4) failure to participate in substance abuse treatment, and (5) associating with a felon. While awaiting hearing, he managed to commit a sixth violation for failure to comply with the rules of his residential reentry center. Because each of these violations was a Grade C violation, and because Stinnett's criminal history category was I, the resulting Guidelines range was three to nine months' imprisonment. After a hearing, the district court imposed a sentence of five months' imprisonment followed by two years of supervised release.

Through his counsel, Stinnett filed a timely notice of appeal. Stinnett believes that his sentence was imposed in violation of law, was imposed as a result of an incorrect application of the Guidelines, and was greater than the specified Guideline range. Having concluded that Stinnett's appeal is wholly frivolous, however, defense counsel submitted

an Anders brief and requested permission to withdraw.  See Anders, 386 U.S. at 744 ("[I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.").  Stinnett was released from imprisonment on August 7, 2013, and today Stinnett is on supervised release.  An attempt was made to notify Stinnett of his right to submit a *pro se* brief, see id. ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses."), but he could not be located.  Stinnett has neither attempted to contact the court nor kept the court apprised of where he can be reached.  For its part, the United States submitted a brief.

## II

Once a criminal defendant has completed his sentence, his appeal is moot unless "sufficient collateral consequences flow from the conviction and completed sentence." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000).  Although generally we presume that the consequences of a felony conviction are sufficient to overcome any question of mootness when the defendant appeals the validity of his conviction, see Spencer v. Kemna, 523 U.S. 1, 7-8 (1998), no such presumption applies when the defendant admits his guilt and merely challenges the length of his sentence, see United States v. Vera-Flores, 496 F.3d 1177, 1180 (10th Cir. 2007).  Therefore, to the extent that Stinnett challenges the duration of his term of imprisonment, which ended on August 7,

3

2013, his appeal is moot.

But Stinnett's challenge to his term of supervised release is not moot, as the term continues today and the district court retains discretion to modify it. See 18 U.S.C. § 3583(e). Nevertheless, any challenge Stinnett might raise to the length or conditions of his supervised release is frivolous. The district court considered the 3553(a) factors in light of the totality of the circumstances, and although the court's explanation was brief, the decision was a reasoned one. What is more, Stinnett's two-year term of supervised release is the minimum provided by the Guidelines in light of his original conviction of a class B felony. See 18 U.S.C. § 3559(a)(2); U.S.S.G. §§ 7B1.3(g), 5D1.2(a)(1) ("At least two years but not more than five years for a defendant convicted of a Class A or B felony."); cf. United States v. Fonseca, 473 F.3d 1109, 1112 (10th Cir. 2007) ("While this court now has jurisdiction to review a defendant's final sentence for reasonableness, it nevertheless continues to lack jurisdiction to review the discretionary denial of a downward departure.").

Following "a full examination of all the proceedings," Anders 386 U.S. at 744, we conclude that the appellate issues identified by Stinnett's counsel are wholly without merit, particularly when viewed in relation to the length or condition of his supervised release.

### III

Given Stinnett's release, and our thorough review of the record, we conclude that Stinnett's challenge to the reasonableness of his five-month term of imprisonment is moot

4

and that he has identified no meritorious issues relating to his supervised release for our review on direct appeal. Accordingly, we GRANT counsel's motion to withdraw and we DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Chief Judge